IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JORGE NIEBLA,
    Plaintiff,

vs.                                  3:07cv417/MCR/MD

SGT. JOHN MORING,
    Defendant.

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff has failed to properly complete the complaint form. However, amendment would be futile because after this court's review of the complaint, the court finds that this case is subject to summary dismissal.

    Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree*

*v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that a case plaintiff filed in the Northern District of Florida was dismissed due to plaintiff's status as a "three-striker" and his inability to proceed *in forma pauperis*.  (See 3:05cv433/LAC/MD, *Niebla v. Abdul-Wasi*, dismissed on December 13, 2005).  Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*  In this case, plaintiff alleges that the defendant provided plaintiff with illegal drugs and cell phones in exchange for cash, and that when plaintiff failed to make timely payments, defendant used illegal force on the plaintiff, tortured him with an electric device and wrote a false disciplinary report against him.  Clearly, plaintiff seeks only to redress past harm.  Such allegations, even if true, do not entitle him to proceed *in forma pauperis* in this case.  In fact, the complaint reflects that plaintiff is no longer incarcerated at the institution where defendant is employed.  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint). Thus, plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), and he may not proceed in forma pauperis.  This action must be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time of filing.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 3rd day of October, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).